# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1539V
UNPUBLISHED

|  |  |
|---|---|
| MELANI DEPETRO,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: November 25, 2019<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for petitioner.*

*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

On October 16, 2019, Melani Depetro filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from the influenza vaccination on October 19, 2016. Petition at 1. Petitioner further alleges that she received the influenza vaccination in the United States, that she suffered the residual effects of her injury for more than six months, and that neither she nor any other party has received compensation for her injury, alleged as vaccine caused. *Id.* at ¶¶ 16-18. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 28, 2019, Special Master Dorsey (to whom this case was previously assigned)[3] issued a fact ruling, finding there is preponderant evidence to establish that petitioner's manifestation of onset after vaccine administration occurred within 48 hours. Fact Ruling at 1-2, ECF No. 40.

Respondent has filed an amended Rule 4(c) report and proffer indicating that "[i]n light of the former Chief Special Master's Finding of Fact Ruling, and the medial evidence submitted in this case, DICP has concluded that petitioner suffered SIRVA as defined by the Vaccine Injury Table." Amended Rule 4(c) Report and Proffer, filed Nov. 22, 2019, at 2-3, ECF No. 52. Respondent adds that "based on the record as it now stands and subject to his right to appeal the Fact Ruling, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.* at 3.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] On October 1, 2019, former Chief Special Master Dorsey stepped down as Chief Special Master but continues to adjudicate vaccine cases as Special Master Dorsey. The majority of SPU cases were reassigned to Chief Special Master Corcoran.